IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NICHOLAS HARRISON; and OUTSERVE-SLDN, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> PATRICK M. SHANAHAN, in his official capacity as Acting Secretary of Defense; MARK T. ESPER, in his official capacity as Secretary of the Army; and the UNITED STATES DEPARTMENT OF DEFENSE, <br><br>  Defendants. | No. 1:18-cv-641-LMB-IDD |
| RICHARD ROE; VICTOR VOE; and OUTSERVE-SDLN, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> PATRICK M. SHANAHAN, in his official capacity as Acting Secretary of Defense; MATTHEW DONOVAN, in his official capacity as Acting Secretary of the Air Force; and the UNITED STATES DEPARTMENT OF DEFENSE, <br><br>  Defendants. | No. 1:18-cv-1565-LMB-IDD |

**DEFENDANTS' WITNESS LIST**

0

Pursuant to this Court's Notice of October 3, 2018 in *Harrison v. Shanahan*, *see* Dkt. 63, Defendants, through its undersigned counsel, hereby respectfully submits its list of potential witnesses for the trial in the above captioned matter.

Defendants reserve an objection to the presentation of evidence and testimony in these cases that is outside of the administrative record. The Department of Defense's, Department of the Army's, and Department of the Air Force's administrative processes that resulted in final agency action are supported by administrative records. In making the determination whether those policies are "contrary to constitutional right," 5 U.S.C. § 706(2)(B), the Court "shall review the whole record," *id.* § 706. The Court's review is therefore limited to "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park*, Inc. v. Volpe, 401 U.S. 402, 420 (1971).

Further, as recently emphasized by the D.C. Circuit in a challenge to another military personnel policy, the Court must give great deference to the judgment of military officials. *Doe 2 v. Shanahan*, 755 F. App'x 19, 24–25 (D.C. Cir. 2019) (per curiam). Such deference means that neither the Plaintiffs, Plaintiffs' witnesses, nor the Court may undertake an independent evaluation of the evidence. *Rostker v. Goldberg*, 453 U.S. 57, 81 (1981) ("In relying on this testimony . . . the District Court palpably exceeded its authority when it ignored Congress' considered response to this line of reasoning."); *id.* at 82-83 ("The District Court was quite wrong in undertaking an independent evaluation of this evidence."); *Goldman v. Weinberger*, 475 U.S. 501, 508 (1986) ("[W]hether or not expert witnesses may feel that religious exceptions to [the challenged military regulation] are desirable is quite beside the point."); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 25 (2008) ("We accept these officers' assertions [that a certain practice] is of the utmost importance to the Navy and the Nation."); *Doe 2*, 917 F.3d 694 at 737 (Williams, J., concurring) (noting the court's role in evaluating military policy is so circumscribed that extra-record evidence and discovery is "quite

1

beside the point" (quoting *Goldman v. Weinberger*, 475 U.S. 503, 509 (1986))).  Rather, as the Supreme Court emphasized in *Trump v. Hawaii*, 138 S. Ct. 2392, 2420 (2018), the Court's review of the Department of Defense, Department of the Army, and Department of the Air Force policies must focus on the stated justifications for the policies.

Moreover, the Administrative Procedure Act "confines judicial review of executive branch decisions to the administrative record of proceedings before the pertinent agency.  As such, there can be no genuine issue of material fact in an APA action. . . ." *Shipbuilders Council of Am. v. U.S. Dep't of Homeland Sec.*, 770 F.Supp.2d 793, 802 (E.D.Va.2011) (citations omitted).  With respect to such claims, "the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Id.* (internal quotation marks omitted).

### **WITNESSES**

Subject to the foregoing objection, in accordance with Federal Rule 26(a)(3), the witnesses listed below who are marked with an asterisk are those Defendant expects to present at trial.  The additional witnesses designated are those Defendant may call if the need arises.  Defendant reserves the right to seek to present the testimony of such witnesses by *de bene esse* deposition or through discovery deposition testimony if the witness in question is, unbeknownst to Defendant at the present time, unavailable for trial.

The witness list below reflects the present status of this litigation.  Accordingly, Defendants reserve the right to amend this list—including eliminating proposed witnesses—should further litigative developments (including, among other things, positions advanced by Plaintiff) warrant.

1. Paul Ciminera, M.D.*

2. Lieutenant Colonel Jason M. Blaylock, M.D.*

3. Donald Shell, M.D., M.A.*

4. Colonel Andrew R. Wiesen, M.D., M.P.H.*

5. Lieutenant Colonel Gary Brown

6. Michael Melillo

7. Colonel Audra Taylor

8. Lieutenant Colonel Kevin Cron, M.D., M.P.H.

9. Colonel Clinton K. Murray, M.D., M.A.C.P., F.I.D.S.A.*

10. Sheila Peel, M.S.P.H., Ph.D.*

11. Colonel Scott T. Frazier*

12. Paul Aswell

13. LTC Paul Tumminello

14. Martha P. Soper*

15. Any witness necessary to authenticate records and/or establish the manner in which records were kept.

16. Any other witnesses designated by Plaintiff to whom Defendant does not object.

Defendants may also call other witnesses necessary to respond to any testimony offered by Plaintiff which was not previously disclosed.

DATE: June 5, 2019

Respectfully submitted,

| | |
|---|---|
| G. ZACHARY TERWILLIGER<br>United States Attorney | JOSEPH H. HUNT<br>Assistant Attorney General<br>Civil Division |
| _____/s/_____<br>R. TRENT MCCOTTER<br>Assistant United States Attorney<br>2100 Jamieson Avenue<br>Alexandria, Virginia 22314<br>Tel: (703) 299-3845<br>Fax: (703) 299-3983<br>trent.mccotter@usdoj.gov | ANTHONY J. COPPOLINO<br>Deputy Director<br>Federal Programs Branch<br><br>JOSHUA C. ABBUHL<br>REBECCA CUTRI-KOHART<br>ROBERT M. NORWAY |

Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 353-0889
Facsimile: (202) 616-8460
robert.m.norway@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date, I filed the foregoing using the Court's CM/ECF system, which will send a notification of electronic filing (NEF) to the following counsel of record:

ANDREW R. SOMMER
Va. Bar Number 70304
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
sommera@gtlaw.com

           /s/
R. TRENT MCCOTTER
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:	(703) 299-3845
Fax:	(703) 299-3983
Email:trent.mccotter@usdoj.gov

*Counsel for Defendants*