EXHIBIT 45

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

_____
                                  :
NICHOLAS HARRISON and             :
OUTSERVE-SLDN, INC.,              :
                                  :
         Plaintiffs,              :
                                  : No.
         v.                       :   1:18-CV-00641-LMB-IDD
                                  :
JAMES N. MATTIS, in his           :
official capacity as              :
Secretary of Defense;             :
MARK ESPER, in his                :
official capacity as              :
Secretary of the Army;            :
and the UNITES STATES             :
DEPARTMENT OF DEFENSE,            :
                                  :
         Defendants.              :
_____:

Tuesday, January 9, 2019

        Videotape Deposition of LT. COL. LISA
M. LUTE, taken at the Law Offices of Winston &
Strawn LLP, located at 1700 K Street Northwest,
Washington, D.C., beginning at 9:26 a.m.,
before Ryan K. Black, a Registered Professional
Reporter, Certified Livenote Reporter and Notary
Public in and for the District of Columbia.

```
 1      A P P E A R A N C E S:

 2

 3        LAMBDA LEGAL

 4        BY:   SCOTT SCHOETTES, ESQUIRE

 5        105 West Adams

 6        Suite 2600

 7        Chicago, Illinois   60603

 8        312.663.4413

 9        sschoettes@lambdalegal.org

10        Representing - Plaintiffs

11

12        WINSTON & STRAWN LLP

13        BY:   CYRUS T. FRELINGHUYSEN, ESQUIRE

14        1700 K Street NW

15        Washington, DC   20006

16        202.282.5890

17        cfrelinghuysen@winston.com

18        Representing - Plaintiffs

19

20

21

22

23

24

25
```

Page 3

1     A P P E A R A N C E S (Cont'd):
2
3       U.S. DEPARTMENT OF JUSTICE
4       CIVIL DIVISION - FEDERAL PROGRAMS BRANCH
5       BY:   ROBERT M. NORWAY, ESQUIRE
6             REBECCA CUTRI-KOHART, ESQUIRE
7             KERI L. BERMAN, ESQUIRE
8       Ben Franklin Station
9       P.O. Box 480
10      Washington, D.C.   20044
11      202.353.0889
12      robert.m.norway@usdoj.gov
13      rebecca.cutri.kohart@usdoj.gov
14      keri.l.berman@usdoj.gov
15      Representing - Defendants
16
17      U.S. ARMY LEGAL SERVICES AGENCY
18      LITIGATION DIVISION
19      BY:   MAJOR W. CASEY BIGGERSTAFF, ESQUIRE
20      9275 Gunston Road
21      Suite 3018
22      Fort Belvoir, Virginia   22060
23      703.693.1040
24      william.c.biggerstaff.mil@mail.mil
25      Representing - Department of the Army

1  ALSO PRESENT:
2     Alexandra Hemmings, Winston & Strawn Law Clerk
3     Solomon Francis, Legal Videographer

```
                                                         Page 5
 1                          I N D E X
 2       TESTIMONY OF:  LT. COL. LISA M. LUTE          PAGE
 3       By Mr. Schoettes                                10
 4
 5                        E X H I B I T S
 6   EXHIBIT           DESCRIPTION                      PAGE
 7   Exhibit No. 1   the 30(b)(6) Notice of
 8                   Deposition                          21
 9   Exhibit No. 2   a document titled Department of
10                   Defense Personnel Policies Regarding
11                   Members of the Armed Forces Infected
12                   with HIV                            33
13   Exhibit No. 3   a photocopy of AR 600-110           99
14   Exhibit No. 4   a document Bates Numbered US00025589
15                   through 25590                      122
16   Exhibit No. 5   a document Bates Numbered US00025945
17                   through 25947                      134
18   Exhibit No. 6   an e-mail Bates Numbered US00025970
19                   through 25973                      147
20   Exhibit No. 7   an e-mail Bates Numbered
21                   US00025689                         161
22   Exhibit No. 8   an e-mail Bates Numbered US00025924
23                   through 25925                      168
24   Exhibit No. 9   a document titled Declaration of
25                   Lt. Col. Lisa Lute                 178
```

Page 6

1                    I N D E X (Cont'd)

2    EXHIBIT            DESCRIPTION                              PAGE

3    Exhibit No. 10   a document titled Department of
4                    Defense Instruction 1332.45                  201
5    Exhibit No. 11   a document Bates Numbered
6                    US00006912 through 6919                      203
7    Exhibit No. 12   a one-page Memorandum dated 9
8                    November 2018, signed by Marshall
9                    M. Williams                                  213
10   Exhibit No. 13   a document titled Department of
11                   Defense Instruction Number
12                   6490.07                                      216
13   Exhibit No. 14   a document Bates Numbered
14                   US00025937                                   228
15   Exhibit No. 15   an e-mail Bates Numbered US0002498
16                   through 2500                                 232
17   Exhibit No. 16   a document Bates Numbered US00025518
18                   through 25540                                235
19   Exhibit No. 17   a document Bates Numbered
20                   US00001136                                   246
21   Exhibit No. 18   a document Bates Numbered
22                   US00001136                                   278
23   Exhibit No. 19   a document Bates Numbered US00000991
24                   through 996                                  282
25

1           I N D E X (Cont'd)
2    EXHIBIT              DESCRIPTION                    PAGE
3    Exhibit No. 19A a document titled Exception to
4              AR 600-110                                283
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 47

1  condition to know whether or not they would --
2     A.  Their condition, their management,
3  their --
4     Q.  Whether or not they would pose --
5     A.  Whether or not they -- they are
6  compliant with medication or anything like that,
7  okay?
8     Q.  Let me finish my -- my question, --
9     A.  I'm sorry.
10    Q.  -- but I -- but I think you answered
11 it.  So you don't know the extent to which their
12 HIV is under control, how it is being managed,
13 et cetera?
14    A.  Correct.
15    Q.  And what I heard you say was that if
16 the person's HIV was not well-managed, --
17    A.  Mm-hmm.
18    Q.  -- and you said something about a
19 count, and I believe what you're referring to
20 is the viral load --
21    A.  That would be correct.
22    Q.  -- for HIV, that if it was -- if
23 it was not well-managed, that then they could
24 potentially present a risk in the context of
25 a -- a battlefield transmission?

Page 48

1        A.  There are other ways.  I mean, they
2  could present a risk.  They could -- if an
3  individual that is not properly managed or
4  forthcoming regarding their diagnosis and they
5  donated blood, it could impact the blood bank.
6  And -- and, yes, we have screening on the blood
7  bank that we use here, but we don't when you do
8  a combat situation.  It's -- it's a buddy
9  donor-type system.
10       Q.  Have you ever heard of anyone with HIV
11 in the military who knew their status attempting
12 to donate blood?
13       A.  Yes, sir.
14       Q.  And when did that occur, or tell
15 me -- how -- was it more than once or one time?
16       A.  I'm only aware of one time.
17       Q.  And when was that?
18       A.  I was in San Antonio, and that's as
19 close as I can get you, okay?  So I was there
20 from, let me see, '14 -- 2014 to 2016.
21       MR. NORWAY:  And I'm going to
22 interpose an objection that she's not being
23 offered for -- for this topic.
24       MR. SCHOETTES:  Well, we'll come --
25 we'll come back to that.

Page 49

1          THE WITNESS: Okay.
2     BY MR. SCHOETTES:
3          Q. So you've now identified battlefield
4     transmission as -- as a concern for someone
5     whose HIV is not well-controlled, and the
6     possibility of blood donation.
7          A. Well, I -- I would like, if I may,
8     to -- to clarify something. Because in the
9     battlefield, it doesn't matter if they're
10    well-controlled or not with blood, because
11    there's no research to support whether or not
12    a significant exposure to a person with HIV's
13    blood would be reduced or limited if they were
14    on medication and managed properly. So I -- I
15    -- you can't -- it would only -- the only
16    research that -- that has been put out that
17    -- that demonstrates that -- if they
18    are effectively managed is that it reduces the
19    risk of transmission with sexual interactions.
20         Q. So I think what you just said
21    contradicts what you said earlier, which is that
22    if someone was virally suppressed and had less
23    than the 200 copies per milliliter of HIV, that
24    then would be a negligible risk, --
25         A. And --

Page 192

1  that can definitively say I -- the Army G-1 will
2  not approve this. It at least needs to make it
3  there, and then they need to say, we can't
4  approve this, because it falls under the -- the
5  instruction and we don't have the authority.
6       Q.  So when you say you would put the
7  packet together and process it, you would
8  process it within the Army --
9       A.  Mm-hmm.
10      Q.  -- and get that denial, if you will,
11 because there's not the authority, and then at
12 that point you would elevate it over to the
13 Department of Defense?
14      A.  No. I would -- I would -- it goes
15 back to the service member.
16          Historically, if I know that what
17 they're requesting is outside of what we can do,
18 and I am involved in it in the beginning, I may
19 tell them I will process this for a response,
20 and I will ask them to familiarize themselves
21 with the policies and the directives, the -- the
22 DODIs that go along with the request.
23      Q.  And then do you advise them after
24 either you tell them that or -- or you process
25 it, do you tell them that they need to submit

Page 193

1     this through a different channel?
2        A.  I do not.  I -- I recommend to them
3     that -- that they might want to review the DODI
4     and consider using the DODI as a guideline to
5     make their request.
6        Q.  Okay.  Going back to your declaration,
7     you make the statement that, I am aware of
8     multiple soldiers who have been granted COCOM
9     waivers to deploy.
10            MR. NORWAY:  Objection; scope.
11            You may answer.
12            THE WITNESS:  Yes.  I said that.
13            Is that the question?  I'm sorry.
14    BY MR. SCHOETTES:
15       Q.  Yes.  No, it is.  That was just a
16    baseline.
17            So are you -- is it -- are you saying
18    that you're aware of soldiers living with HIV
19    who have been granted COCOM waivers to deploy?
20            MR. NORWAY:  Objection; scope.
21            THE WITNESS:  Yes.
22    BY MR. SCHOETTES:
23       Q.  And how did you become aware that
24    soldiers living with HIV have been granted
25    waivers to deploy?

Page 302

1  MR. NORWAY: Yeah. Let's go off the
2  record.
3  MR. SCHOETTES: Okay.
4  THE VIDEOGRAPHER: The time is 4:09
5  p.m. We're going off the record.
6  (Recess taken.)
7  THE VIDEOGRAPHER: The time is 4:15
8  p.m. We're back on the record.
9  Please proceed, Counsel.
10  MR. SCHOETTES: I'd like to ask the
11  court reporter to record for us how much time we
12  spent on the record thus far.
13  THE VIDEOGRAPHER: 5:51:36 and
14  counting.
15  MR. SCHOETTES: Thank you.
16  MR. NORWAY: And we have no redirect.
17  MR. SCHOETTES: All right. Well, then
18  we're done.
19  MR. NORWAY: Great. And we're going
20  to read and sign.
21  THE REPORTER: Yeah. Okay.
22  MR. NORWAY: Thank you very much,
23  Scott.
24  THE VIDEOGRAPHER: Time is 4:15 p.m.
25  This concludes today's testimony given by Lt.

Page 303

1  Col. Lisa Lute.  We're now off the record.
2              (Deposition concluded -- 4:15 p.m.)

Page 304

1  Lt. Col. Lisa M. Lute
2
3                C E R T I F I C A T E
4
5       I do hereby certify that the aforesaid
6  testimony was taken before me, pursuant to
7  notice, at the time and place indicated; that
8  said deponent was by me duly sworn to tell the
9  truth, the whole truth, and nothing but the
10 truth; that the testimony of said deponent was
11 correctly recorded in machine shorthand by me
12 and thereafter transcribed under my supervision
13 with computer-aided transcription; that the
14 deposition is a true and correct record of the
15 testimony given by the witness; and that I am
16 neither of counsel nor kin to any party in said
17 action, nor interested in the outcome thereof.
18
19      WITNESS my hand and official seal this
20 24th day of January 2019.
21
22
23                              Ryan K. Black
24
25

```
                                                          Page 305
 1                   Veritext Legal Solutions
                        1100 Superior Ave
 2                         Suite 1820
                      Cleveland, Ohio 44114
 3                    Phone: 216-523-1313
 4
     January 24, 2019
 5
     To: Robert M. Norway, Esq.
 6
     Case Name: Harrison, Nicholas, et al. v. Mattis, James N., et al.
 7
     Veritext Reference Number: 3189088
 8
     Witness:  Lt. Col. Lisa M. Lute      Deposition Date:  1/9/2019
 9
10   Dear Sir/Madam:
11
     Enclosed please find a deposition transcript.  Please have the witness
12
     review the transcript and note any changes or corrections on the
13
     included errata sheet, indicating the page, line number, change, and
14
     the reason for the change.  Have the witness' signature notarized and
15
     forward the completed page(s) back to us at the Production address
16   shown
17   above, or email to production-midwest@veritext.com.
18
     If the errata is not returned within thirty days of your receipt of
19
     this letter, the reading and signing will be deemed waived.
20
21   Sincerely,
22   Production Department
23
24
25   NO NOTARY REQUIRED IN CA
```

Page 306

DEPOSITION REVIEW
CERTIFICATION OF WITNESS

ASSIGNMENT REFERENCE NO: 3189088
CASE NAME: Harrison, et al. v. Mattis, James N., et al.
DATE OF DEPOSITION: 1/9/2019
WITNESS' NAME: Lt. Col. Lisa M. Lute

In accordance with the Rules of Civil Procedure, I have read the entire transcript of my testimony or it has been read to me.

I have made no changes to the testimony as transcribed by the court reporter.

_____          _____
Date                      Lt. Col. Lisa M. Lute

Sworn to and subscribed before me, a Notary Public in and for the State and County, the referenced witness did personally appear and acknowledge that:

They have read the transcript;
They signed the foregoing Sworn Statement; and
Their execution of this Statement is of their free act and deed.

I have affixed my name and official seal

this _____ day of_____, 20____.

_____
Notary Public

_____
Commission Expiration Date

```
                                                    Page 307

 1              DEPOSITION REVIEW
              CERTIFICATION OF WITNESS
 2
     ASSIGNMENT REFERENCE NO: 3189088
 3   CASE NAME: Harrison, et al. v. Mattis, James N., et al.
     DATE OF DEPOSITION: 1/9/2019
 4   WITNESS' NAME: Lt. Col. Lisa M. Lute
 5         In accordance with the Rules of Civil
     Procedure, I have read the entire transcript of
 6   my testimony or it has been read to me.
 7         I have listed my changes on the attached
     Errata Sheet, listing page and line numbers as
 8   well as the reason(s) for the change(s).
 9         I request that these changes be entered
     as part of the record of my testimony.
10
           I have executed the Errata Sheet, as well
11   as this Certificate, and request and authorize
     that both be appended to the transcript of my
12   testimony and be incorporated therein.
13   _____           _____
     Date                       Lt. Col. Lisa M. Lute
14
           Sworn to and subscribed before me, a
15   Notary Public in and for the State and County,
     the referenced witness did personally appear
16   and acknowledge that:
17         They have read the transcript;
           They have listed all of their corrections
18         in the appended Errata Sheet;
           They signed the foregoing Sworn
19         Statement; and
           Their execution of this Statement is of
20         their free act and deed.
21         I have affixed my name and official seal
22   this _____ day of_____, 20____.
23              _____
                Notary Public
24
                _____
25              Commission Expiration Date
```

Page 308

1               ERRATA SHEET
         VERITEXT LEGAL SOLUTIONS MIDWEST
2             ASSIGNMENT NO: 1/9/2019

3  PAGE/LINE(S) /      CHANGE       /REASON

4  _____
5  _____
6  _____
7  _____
8  _____
9  _____
10 _____
11 _____
12 _____
13 _____
14 _____
15 _____
16 _____
17 _____
18 _____
19

   _____        _____
20 Date                    Lt. Col. Lisa M. Lute

21 SUBSCRIBED AND SWORN TO BEFORE ME THIS _____

22 DAY OF _____, 20_____ .

23           _____
             Notary Public

24

25           _____
             Commission Expiration Date