IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| RICHARD ROE, ET AL.,<br><br>        Plaintiffs,<br>v.<br>LLOYD J. AUSTIN, ET AL.,<br><br>        Defendants. | Civil Action No. 1:18-cv-01565 |
| NICHOLAS HARRISON, ET AL.,<br><br>        Plaintiffs,<br>v.<br>LLOYD J. AUSTIN, ET AL.,<br><br>        Defendants. | Civil Action No. 1:18-cv-00641 |

**JOINT STATUS REPORT**

Pursuant to the Court's Orders in *Harrison* (Dkt. 308) and *Roe* (Dkt. 320), the Parties met and conferred to determine whether they could "resolve the amount of attorneys' fees and expenses to which plaintiffs' counsel are entitled." After multiple emails and a telephone call, the Parties were unable to come to an agreement and thus provide their respective positions below.

**Plaintiffs' Position**: Plaintiffs understood the Court's Order to mean that the Parties were required to try to reach an agreement on the amount of attorneys' fees owed to Plaintiffs as prevailing parties. To fulfill their meet and confer obligations, Plaintiffs gathered and aggregated the costs and fees from the various law firms and organizations, applied billing judgment to responsibly reduce those fees, and provided an additional, and significant, settlement discount when making an initial offer to the Government. Instead of providing a counteroffer, the

Government took the position that it was "premature to have any substantive discussions about fees, at least until a decision has been made as to whether Defendants will appeal."

Plaintiffs are entitled to fees under the Equal Access to Justice Act because they are the prevailing party and because the Government is unable to prove that its position was substantially justified. Specifically, to prove its position was substantially justified, the Government has the burden to show that its "position had a reasonable basis in both fact and law." *Crawford v. Sullivan*, 935 F.2d 655, 657 (4th Cir. 1991). The Government did not opine on whether its positions in these litigations had a reasonable basis in both fact and law. Instead, the Government contended that a discussion about fees and costs was premature. Plaintiffs were unable to engage meaningfully with the Government to come to an agreement on fees and costs.

**Defendants' Position**: Plaintiffs assert that they "are entitled to fees under the Equal Access to Justice Act because they are the prevailing party and because the Government is unable to prove that its position was substantially justified." *Supra*. As to the latter point, Defendants respectfully disagree, and maintain that their position in this case has always been (at least) "substantially justified" within the meaning of the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412(d)(1)(A). As to the former point, however, it is currently impossible to know who the prevailing party will be, because (1) the Solicitor General of the United States has not yet decided whether Defendants are going to appeal this Court's recent orders, and (2) if Defendants do appeal, it is possible that Defendants will prevail, despite Plaintiffs' successes thus far. Because it is currently impossible to know whether Plaintiffs are entitled to *any* fees, Defendants respectfully submit that it is premature to engage in substantive negotiations regarding the amount of fees.

The text and structure of EAJA supports Defendants' position. A claimant seeking fees under EAJA must submit an application within 30 days of final judgment. 28 U.S.C.

§ 2412(d)(1)(B). But "final judgment" for EAJA purposes is a term of art, with a specific definition in the statute: a "final judgment" for EAJA purposes is "a judgment that is final *and not appealable*, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G) (emphasis added); *see Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").

Currently, the judgments in these cases are appealable. *See* Fed. R. App. P. 4(a)(1)(B). So there has not yet been a "final judgment" for purposes of EAJA. Courts routinely defer consideration of prematurely filed EAJA applications until after appellate proceedings have run their course. *See, e.g.*, *Daughtrey v. United States*, 107 F.3d 877 (9th Cir. 1997) (table) ("[T]he time to request attorney's fees is within 30 days after the time to appeal the judgment has expired. . . . Because no 'final' judgment has been entered in this case, the district court had no jurisdiction to consider the fee petition."); *United States v. 27.09 Acres of Land*, 1 F.3d 107, 111 (2d Cir. 1993) ("[I]t appears that no 'final judgment' for EAJA purposes was ever entered in this action. The Association's EAJA application was therefore premature and the district court lacked jurisdiction to decide it."). This Court should take the same approach, because it is possible that Defendants could appeal, and then prevail on that appeal, which would mean that Plaintiffs are not the prevailing party, and thus are not entitled to any fees. *Cf. Sole v. Wyner*, 551 U.S. 74, 83 (2007) ("Prevailing party status, we hold, does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case."). And even if Defendants appeal and are *not* successful, Plaintiffs will presumably demand additional fees for

time spent on the (currently hypothetical) appeal. Either way, it would be inefficient for the parties or for the Court to address these issues now.[1]

To be clear, although Defendants maintain that their position in this case has always been "substantially justified" within the meaning of EAJA, 28 U.S.C. 2412(d)(1)(A), if Plaintiffs are ultimately the prevailing parties in this litigation, Defendants will be willing to negotiate in good faith, at the appropriate time, to see whether it is possible to avoid unnecessary litigation on that question. But until Defendants' appellate options are exhausted, it would be inefficient, atypical, and unproductive to have detailed fee negotiations now.

For these reasons, Defendants respectfully submit that the parties should file another joint status report on the subject of fees no later than 30 days from either (1) expiration of the deadline for Defendants' to file a Notice of Appeal (if Defendants do not appeal); or (2) final resolution of further appellate proceedings (if Defendants do appeal).

\*   \*   \*

---

[1] Defendants' position is also consistent with case law about "interim" fees. In rare circumstances, a claimant may seek "interim" fees, but only where (unlike here) a party has obtained some relief "that is not defeasible by further proceedings." *Richardson v. Penfold*, 900 F.2d 116, 117 (7th Cir. 1990). As courts have recognized, interim fees should not be awarded when further litigation (including appeal) may undo the interlocutory victory for which the party seeks attorney's fees. *See, e.g.*, *Grubbs v. Butz*, 548 F.2d 973, 976 (D.C. Cir. 1976) (if courts prematurely grant interim attorney's fees, "the ultimately successful party might end up having subsidized a large segment of the losing party's suit"). In any event, here, Plaintiffs have not requested interim fees, nor even asserted that they meet the relevant legal standard.

Dated: May 4, 2022                                                  Respectfully submitted,

BRIAN M. BOYNTON                                          /s/ *John W.H. Harding*
Principal Deputy Assistant Attorney General    John W. H. Harding
Civil Division                                                          Virginia State Bar No. 87602
                                                                              JWHarding@winston.com
JESSICA D. ABER                                              Lauren Gailey*
United States Attorney                                       LGailey@winston.com
                                                                              WINSTON & STRAWN LLP
ANTHONY J. COPPOLINO                                1901 L St., NW
Deputy Director                                                   Washington, DC 20036
Federal Programs Branch                                   T: (202) 282-5000

KERI L. BERMAN                                              Julie A. Bauer*
STEPHEN M. PEZZI                                          JBauer@winston.com
KATE TALMOR                                                WINSTON & STRAWN LLP
Trial Attorneys                                                     35 W. Wacker Dr.
                                                                              Chicago, IL 60601
            /s/                                                              T: (312) 558-560
DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division                                Andrew R. Sommer
2100 Jamieson Avenue                                      Virginia State Bar No. 70304
Alexandria, Virginia 22314                                 Sommera@gtlaw.com
Tel: (703) 299-3891                                           GREENBERG TRAURIG, LLP
Fax: (703) 299-3983                                          1750 Tysons Boulevard
dennis.barghaan@usdoj.gov                             Suite 1000
                                                                              McLean, VA 22102
                                                                              T: (703) 749-1370

                                                                              Scott A. Schoettes*
                                                                              sschoettes@gmail.com
                                                                              SCOTT SCHOETTES, ESQ.
                                                                              4728 N Malden St. #2 South
                                                                              Chicago, IL 60640
                                                                              T: (773) 474-9250

                                                                              Kara Ingelhart*
                                                                              KIngelhart@lambdalegal.org
                                                                              LAMBDA LEGAL DEFENSE AND
                                                                              EDUCATION FUND, INC.
                                                                              65 E Wacker Pl., Suite 2000
                                                                              Chicago, IL 60601
                                                                              T: (312) 663-4413

                                                                              Gregory R. Nevins*
                                                                              GNevins@lambdalegal.org

LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1 West Court Square, Ste. 105
Decatur, GA 30030
T: (404) 897-1800

Peter Perkowski*
pperkowski@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower St., Suite 1800
Los Angeles, CA 90071
T: (213) 340-5796

*pro hac vice

## CERTIFICATE OF SERVICE

I certify that, on the 4th day of May, 2022 I caused this document to be filed electronically through the Court's CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

Dated:  May 4, 2022                         Respectfully submitted,

/s/ *John W.H. Harding*
John W.H. Harding
