# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| RICHARD ROE, ET AL.,<br><br>      Plaintiffs,<br>   v.<br><br>LLOYD J. AUSTIN, ET AL.,<br><br>      Defendants. | Civil Action No. 1:18-cv-01565 |
| NICHOLAS HARRISON, ET AL.,<br><br>      Plaintiffs,<br>   v.<br><br>LLOYD J. AUSTIN, ET AL.,<br><br>      Defendants. | Civil Action No. 1:18-cv-00641 |

## JOINT STATUS REPORT

Pursuant to the Court's May 4, 2022 orders in *Harrison* (Dkt. 311) and *Roe* (Dkt. 324), the parties have again met and conferred to determine whether they can "resolve the amount of attorneys' fees and expenses to which plaintiffs' counsel are entitled" (quoting April 6, 2022 summary judgment order). Again, after an exchange of emails and a telephone call, the parties have been unable to come to an agreement and thus provide their respective positions below.

**Plaintiffs' Position**: Plaintiffs continue to read the Court's April 6 order to require the parties to try to reach an agreement on the amount of attorneys' fees owed to Plaintiffs. In advance of the Court's original May 4 status-report deadline, Plaintiffs gathered and aggregated the costs and fees from the various law firms and organizations, reduced those fees based on certain criteria, and provided an additional, and significant, settlement discount when making an initial offer to the Government. Instead of providing a counteroffer, the Government took the position that it was

"premature to have any substantive discussions about fees, at least until a decision has been made as to whether Defendants will appeal." On May 4, the Court gave the parties another 30 days to try to reach a resolution.

There have been no changes since. Plaintiffs remain ready to engage in a dollars-and-cents discussion. The Government's position is that discussion should only occur if it decides not to appeal: "if the government decides not to appeal, Defendants are of course willing to negotiate in good faith to see whether it is possible to avoid unnecessary litigation over fees."

Plaintiffs disagree with the Government's assessment that litigating fees would be "premature" "at least until the deadline to appeal has run." The Equal Access to Justice Act permits a motion to be made "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A number of courts in this circuit and elsewhere have, consistent with the Act's legislative history, interpreted this timing provision as setting a "filing deadline," not "a starting point." *Hunter v. Crocetti*, No. 00-2189, 2000 WL 33249939, at *2 (D. Md. Sept. 28, 2000); *see also, e.g.*, *United States v. Johnson*, No. 12-1349, 2015 WL 8346676, at *2 (M.D.N.C. Dec. 8, 2015) ("courts have treated fee petitions made prior to the entry of a non-appealable judgment as timely" (collecting cases)); *Jacobs v. Colvin*, 107 F. Supp. 3d 494, 497 (E.D. Va. 2014) (considering merits of EAJA fee petition filed 4 days before time to file petition for certiorari expired); *accord Lizardi v. Wilkinson*, 986 F.3d 1294, 1295 (9th Cir. 2021) ("a party need not wait until the judgment is final to move for attorney's fees"); *Gonzalez v. United States*, 44 Fed. Cl. 764, 767–68 (1999); *Mass. Union Pub. Hous. Tenants v. Pierce*, 755 F.2d 177 (D.C. Cir. 1985); *McDonald v. Schweiker*, 726 F.2d 311 (7th Cir. 1983)). Accordingly, contrary to the government's position, fee petitions made prior to a non-appealable judgment are *not* "premature in a jurisdictional sense." *Johnson*, 2015 WL 8346676, at *2.

Plaintiffs maintain that they are entitled to fees under the Act because they are the prevailing party and because the Government will not be able to carry its burden to prove that its position was substantially justified, i.e., that its "position had a reasonable basis in both fact and law." *Crawford v. Sullivan*, 935 F.2d 655, 657 (4th Cir. 1991). The Government has so far refused to engage on the topic of whether its positions in these litigations had such a basis. Still, Plaintiffs see no reason to delay a fee motion further, even if the Government decides to appeal the April 6 summary judgment. In that event, a ruling on the issues of fees and costs could be consolidated with the merits appeal and heard simultaneously, saving judicial resources.

Plaintiffs therefore request that the Court set a briefing schedule for their fee motion.

**Defendants' Position**: The government's current deadline to appeal is June 6, 2022. Because the deadline to appeal has not yet run, whether Plaintiffs will ultimately qualify as prevailing parties within the meaning of the Equal Access to Justice Act (EAJA) has not yet been resolved, for the reasons stated in Defendants' portion of the May 4, 2022 joint status report. *See Harrison* ECF No. 310, at 2-4. Until then, it remains premature for the parties to engage in substantive discussions about fees. *See id*.

For the same reasons, the Court should defer consideration of fees until there has been a "final judgment" as defined by EAJA, *i.e.* "a judgment that is *final and not appealable*, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G) (emphasis added); *see Harrison* ECF No. 310, at 2-4. The Court should reject Plaintiffs' proposal to set briefing deadlines regarding fees before any potential appellate review is concluded.

In addition, as Defendants previously stated, although Defendants maintain that their position in this case has always been "substantially justified" within the meaning of EAJA, if Plaintiffs ultimately become prevailing parties, Defendants "will be willing to negotiate in good

faith, at the appropriate time, to see whether it is possible to avoid unnecessary litigation on that question." *Harrison* ECF No. 310, at 4.

Defendants respectfully propose that the parties file another joint status report no later than June 30, 2022.

* * *

Dated: June 3, 2022

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

JESSICA D. ABER
United States Attorney

ANTHONY J. COPPOLINO
Deputy Director
Federal Programs Branch

KERI L. BERMAN
STEPHEN M. PEZZI
KATE TALMOR
Trial Attorneys

_____/s/_____
DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3891
Fax: (703) 299-3983
dennis.barghaan@usdoj.gov

Respectfully submitted,

*/s/ John W.H. Harding*
John W. H. Harding
Virginia State Bar No. 87602
JWHarding@winston.com
Lauren Gailey*
LGailey@winston.com
WINSTON & STRAWN LLP
1901 L St., NW
Washington, DC 20036
T: (202) 282-5000

Julie A. Bauer*
JBauer@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
T: (312) 558-560

Andrew R. Sommer
Virginia State Bar No. 70304
Sommera@gtlaw.com
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard
Suite 1000
McLean, VA 22102
T: (703) 749-1370

Scott A. Schoettes*
sschoettes@gmail.com
SCOTT SCHOETTES, ESQ.
4728 N Malden St. #2 South
Chicago, IL 60640
T: (773) 474-9250

Kara Ingelhart*
KIngelhart@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
65 E Wacker Pl., Suite 2000
Chicago, IL 60601
T: (312) 663-4413

Gregory R. Nevins*
GNevins@lambdalegal.org

LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
1 West Court Square, Ste. 105
Decatur, GA 30030
T: (404) 897-1800

Peter Perkowski*
pperkowski@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower St., Suite 1800
Los Angeles, CA 90071
T: (213) 340-5796

*pro hac vice

## CERTIFICATE OF SERVICE

I certify that, on the 3rd day of June, 2022, I caused this document to be filed electronically through the Court's CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

Dated:  June 3, 2022				Respectfully submitted,

					*/s/ John W.H. Harding*
					John W.H. Harding